UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 12:32 pm, Oct 19, 2018

| | |
|---|---|
| KWASI K. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  CV418-085 |
| | ) |
| DIANNE LOYD; SHERIKA DYKES, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

*Pro se* plaintiff Kwasi K. Perry, a detainee at Chatham County Sheriff Department, alleges in his 42 U.S.C. § 1983 Complaint that Dianne Loyd has made unauthorized purchases with his credit card, and together with Sherika Dykes stole/damaged his property.[1] Doc. 1 at 5. He seeks $10,000 in compensation for his lost property. *Id*. at 6. The Court granted Perry's request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms. Docs. 4 & 7. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e).[2]

---

[1]  Perry also notes that he was arrested as a result of the "ongoing altercation" between Mss. Loyd and Dykes. Doc. 1 at 5. It is unclear what he means by that statement, but further elucidation is unnecessary because he does not mention his arrest again and instead focuses entirely on being compensated for his "stolen" properties. *Id*. at 5 & 6.

[2]  Where the plaintiff is proceeding IFP, the Court is required to screen the case and dismiss it at any time the Court determines either that the allegation of poverty is

"Federal courts are courts of limited jurisdiction[, and t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a case lies outside that jurisdiction, and the party asserting it (here, the plaintiff) bears the burden of overcoming that presumption. *Id.* "In a given case, a federal district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). The Court cannot fill in jurisdictional gaps for him. *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants [where pleadings are liberally construed], this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (quotes and cite omitted)).

Perry has not clearly alleged any basis for this Court's subject

---

untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

matter jurisdiction.  *See generally* doc. 1.  He does not identify defendants' residences, but alleges that they are both employed in Georgia.  *Id.* at 4.  Assuming that they are Georgia residents, there is no basis for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  Moreover, "complete" diversity is required -- no opposing parties may be citizens of the same state.  *See, e.g., Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1988).  It seems unlikely that either defendant, employed in this state, resides elsewhere.  It is even more unlikely that both do.  Regardless, Perry has not borne his burden of establishing the factual bases for the Court's diversity jurisdiction.

Further, Perry is seeking compensation for stolen property -- in other words, he may have a state tort claim against defendants.  *See* O.C.G.A. § 51-10-1 (providing that the "owner of personalty is entitled to its possession," and "[a]ny deprivation of such possession is a tort for which an action lies.").  Such a claim, however, is entirely a matter for the *state* court.³  *See* 28 U.S.C. § 1331.

---

³  Perry does not appear to contend that the conduct alleged is actionable under 42 U.S.C. § 1983, but he did submit his Complaint on a form that references that statute.  *See* doc. 1 at 1.  The factual allegations belie any such implicit contention.  "To obtain relief under § 1983, [the plaintiff] must show that he was deprived of a federal right by a person acting under color of state law."  *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).  Perry's allegations satisfy neither

Perry has no § 1983 claim, and, thus, there is no basis for this Court's jurisdiction. His Complaint should be **DISMISSED**.[4] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Meanwhile, it is time for Perry to pay his filing fee. His PLRA paperwork reflects $24.31 in average monthly deposits, with an average monthly balance of $14.11. Doc. 7. He therefore owes a $4.86 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $4.86 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's filing fee has been paid in full.

---

element; the conversion of his property does not implicate any federal right and the defendants are private individuals. The Eleventh Circuit has explained that "[o]nly in *rare circumstances* can a private party be viewed as a 'state actor' for section 1983 purposes," *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added), and Perry's allegations do not even hint at any such circumstance. *See Rayburn ex. rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing and quoting *NBC, Inc. v. Communications Workers of America*, 860 F.2d 1022, 1026-27 (11th Cir. 1988) (enumerating the circumstances in which a private party may be viewed as a "state actor" under § 1983)).

[4] To the extent plaintiff believes he can resuscitate his claim, he remains free to submit an Amended Complaint if he believes that it would cure the legal and factual defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012).

4

The Clerk is **DIRECTED** to send this Order and Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this __19th__ day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA